

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL


Honorable Walker Carson
County Attorney
Hudspeth County
Sierra Blanca, Texas

0-2086

Dear Sir:

Opinion No. 0-2086
Re: Necessity of lis pendens
notice in ad valorem tax
suits.

     This is in reply to your letter in which you ask the following question:

     "Will failure to file a lis pendens notice in a suit for delinquent taxes, brought in the name of the State of Texas, make a judgment rendered in such suit invalid as against a purchaser who acquired the property by deed after the suit was filed and before judgment was rendered in such suit?"

We assume that the property in question is land, and that this is a suit for ad valorem taxes.

     The Constitution and the statutes of Texas give the State a lien on all real property to secure the payment of taxes on such property. Article 8, Section 15, of the Constitution says:

     "The annual assessment made upon landed property shall be a special lien thereon; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide."

Honorable Walker Carson, page 2


Article 7172 of the Revised Civil Statutes of Texas says:

"All taxes upon real property shall be a
lien upon such property until the same shall
have been paid. And should the assessor fail
to assess any real estate for any one or more
years, the lien shall be good for every year
that he should fail to assess for; and he may,
in listing property for taxes any year there-
after, assess all the back taxes due thereon,
according to the provisions of this title."

It is a well known rule of law in Texas that
every purchaser of land is charged with notice of taxes
due on said land and the tax liens thereon. In the case
of Texas Bank and Trust Company vs. Bankers' Life Company,
(Ct. Civ. App.) 43 S. W. (2d) 631, the court said:

"* * * Section 15, Article 8, of the Con-
stitution provides that taxes on land shall be
a special lien thereon. Article 7172 of the
Revised Statutes provides that taxes upon real
property shall be a lien until same are paid.
Our courts hold that no one can be an innocent
purchaser of land as against the lien held by
the state or city for taxes due. City of San
Antonio v. Terrill (Tex. Civ. App.) 202 S. W.
361 (error ref.); State Mortgage Corporation
v. State (Tex. Com. App.) 17 S. W. (2d) 801;
Kirk v. City of Gorman (Tex. Civ. App.) 283
S. W. 188."

Therefore, the person who purchased the land in question
had notice that the State had a lien on said land to se-
cure payment of the taxes.

It is a well known rule of law that "tax fore-
closure sales are governed by the same rules governing
judicial sales generally". Love vs. R. 3. Allday Supply
Company, (Tex. Civ. App.) 106 S. W. (2d) 830. Such is the
rule according to Article 7328, R. C. S., which is in re-
gard to tax suits, and which reads in part as follows:

"The proper persons, including all record
lien holders, shall be made parties defendant
in such suit, and shall be served with process
and other proceedings had therein as provided

by law in ordinary foreclosure suits in the
district courts of this state; and in case
of foreclosure <u>an order of sale shall issue
and the land sold thereunder as in other
cases of foreclosure</u>; * * * All sales con-
templated herein shall be made in the manner
prescribed for the sale of real estate under
execution." (Underscoring ours).

Having come to the conclusion that the tax fore-
closure proceedings in this case are governed by the same
rules as in ordinary foreclosure suits, we believe that
your question is answered by Article 2219, R. C. S., which
reads as follows:

"When an order foreclosing a lien upon
real estate is made in a suit having for
its object the foreclosure of such lien,
such order shall have all the force and ef-
<u>fect of a writ of possession as between the
parties to the foreclosure suit and any per-
son claiming under the defendant to such suit
by any right acquired pending such suit</u>; and
the court shall so direct in the judgment
providing for the issuance of such order. ***"
(Underscoring ours).

That statute specifically covers this case by virtue of the
provision which says that the "order (of sale) shall have
all the force and effect of a writ of possession as between
the parties * * * and any person claiming under the defend-
ant to such suit by any right acquired pending such suit."
In the case you ask about, the purchaser acquired his rights
in the land during the pendency of the suit.

The principal purpose of the filing of a lis pen-
dens notice is to prevent a party, during the pendency of a
law suit, from alienating the property in dispute so as to
adversely affect the rights of other parties. Maes vs.
Thomas, (Tex. Civ. App.) 140 S. W. 846. The rights of the
State of Texas have not been adversely affected in this case
because the State can foreclose its lien and have the pro-
perty sold, if necessary, in the same manner as if no one
had purchased it during the pendency of the suit.

Our answer to your inquiry is that failure to file a lis pendens notice in a suit by the state for ad valorem taxes does not make a judgment rendered in such suit invalid as against a purchaser who acquired the property by deed after suit was filed and before judgment was rendered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Rotsch*

Cecil C. Rotsch
Assistant

COR:jm

APPROVED MAY 2, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN